UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN SWIECICHOWSKI,
    Plaintiff,

v.                                                                                Case No. 22-C-1323

CORPORAL LEYENDECKER,
    Defendant.

## ORDER

On December 8, 2022, I screened plaintiff Nathan Swiecichowski's pro se complaint filed under 42 U.S.C. § 1983 and allowed him to proceed on a Fourteenth Amendment claim against Corporal Leyendecker at the Brown County Jail. ECF No. 8. The plaintiff claims that Leyendecker ordered him locked down for twenty-four hours because he misspelled the Corporal's name on a grievance. *Id.* at 4. I allowed him to proceed "on a claim that he was improperly punished as a pretrial detainee without due process of law." *Id.* at 6.

On February 14, 2023, I entered a Scheduling Order, which set a deadline of August 14, 2023, for the parties to file dispositive motions. ECF No. 17. At that deadline, the defendant moved for summary judgment. ECF No. 23. The next day, I ordered the plaintiff to respond to the motion within thirty days—by September 13, 2023. ECF No. 28. I advised the plaintiff that if he did not respond as the Federal and Local Rules require, I would consider the motion unopposed and decide it without his input. *Id.*

The September 13, 2023 deadline passed, and the plaintiff did not respond to the defendant's motion. He instead filed several documents in this case and all his open and closed cases in this district. Those documents include "a three-page document to The

State Troopers of Wisconsin Superintendent, Timothy Carnahan" (ECF No. 29); a letter about Brown County refusing to produce evidence, and an attached motion to compel from one of the plaintiff's state court cases (ECF No. 30); a letter stating that Brown County/the State of Wisconsin is "breaking [his] rights, not allowing [him] to fully represent oneself" or "have evidence," to which he attached another motion from his state case and exhibits showing his bank account is overdrawn (ECF No. 33); and a statement from Chase Bank allegedly related to the plaintiff's investigations into the Department of Revenue (ECF No. 34). None of these documents have any apparent relevance to this case (or any others), and the plaintiff does not explain their relevance to his claim against Corporal Leyendecker or to Leyendecker's motion for summary judgment.

The plaintiff also filed, in only this case, an "Affidavit of Facts" that recounts the telephone conference held in this case on March 10, 2023; expresses the plaintiff's demand for damages in "this case and all other cases"; and states various broad propositions of purported fact and law, for which the plaintiff cites the U.S. Constitution, the Wisconsin State Constitution, the Revolutionary Way, the plaintiff's birth certificate, and "Court records." ECF No. 31. Relevant to this case, the plaintiff says that he had not received "anything from the courts, Corporal Leyendecker and/or his legal team" since the court's notice of the telephone conference. *Id.*, ¶ 12. He asserts that "Corporal Leyendecker broke my Constitutional Rights by punishing me for Freedom of Speech by Locking Nathan Swiecichowski for 24 hours, in a cell, for expressing/misspelling his last name." *Id.*, ¶ 9. In support, he cites "Brown County Jail Ticket," but the only attachment to the affidavit is the plaintiff's certificate of service. *Id.*

On August 25, 2023, the court received the plaintiff's request for an in-person appearance, in which he again suggested that he did not receive the defendant's summary judgment materials. ECF No. 32. I denied the plaintiff's request but ordered him to notify the court and the defendant by September 29, 2023, if he had not received the summary judgment materials. ECF No. 35. If he had not, I ordered the plaintiff to "provide the address where the defendant should resend those materials so that the plaintiff will receive them." *Id.* at 2. I advised that, if the plaintiff had received the defendant's materials, or if he failed to respond by September 29, 2023, I would "decide the defendant's motion for summary judgment without his input, as I previously advised." *Id.*

The September 29, 2023 deadline has passed, and the plaintiff again did not respond, nor has he told the court whether he received the defendant's summary judgment materials. He instead filed (in this case and all others) another document from his state court case that he says relates to Brown County or Wisconsin not following "common practices of law in Wisconsin." ECF No. 28. Again, this document has no apparent relevance to his claim or to the defendant's motion for summary judgment.

On September 22, 2023, I ordered the plaintiff not to file the same documents in each of his cases and to provide a cover letter explaining the relevance of any document he files if it is not obvious on the face of the document. ECF No. 37. On September 25, 2023, the court received a letter from the plaintiff responding to the September 22, 2023 order. ECF No. 38. The orders sent to the plaintiff on September 15 and 22, 2023, were mailed to the same address. That the plaintiff so quickly responded to the latter suggests that he did receive the court's orders to respond to the defendant's summary judgment motion and has failed to respond.

Because the plaintiff did not respond to the defendant's motion for summary judgment or proposed findings of fact as I ordered him to, *see* ECF No. 28, I construe the motion as unopposed and the proposed facts as undisputed. *See* Civil L. R. 56(b)(4); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."). Having reviewed the defendant's motion, brief, and declarations in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), I conclude that Corporal Leyendecker is entitled to judgment as a matter of law on the plaintiff's Fourteenth Amendment claim against him. *See* Fed. R. Civ. P. 56(e)(3).

The undisputed facts show that on September 25, 2022, Corporal Leyendecker responded to a request from the plaintiff about a court date and signed it "Cpl. R. Leyendecker." ECF No. 24-2. About two hours later, the plaintiff filed another request, this time directed to Leyendecker, and referred to him as "Cpl Lyingdecker." *Id.* Leyendecker avers that he interpreted this as intentional, "a disrespect issue and a violation of jail rules of disrespect to staff" because he had just provided the plaintiff the correct spelling of his name. ECF No. 24, ¶ 11. The Jail's Inmate Handbook expressly prohibits disrespect to Jail staff, ECF No. 24-1 at 16, and the undisputed facts show the plaintiff was provided a copy of the Handbook. He also had been in the Jail numerous times before this incident and knew or should have known that Jail rules prohibited disrespect towards staff. Leyendecker issued the plaintiff an incident ticket and contacted an officer, who reported the ticket to the plaintiff and offered him twenty-four-hours cell confinement for the rule

violation. The plaintiff appealed the ticket, which a different corporal upheld. He also filed a grievance and appeal about his cell restriction, which were denied.[1]

As I explained in the screening order, the government may not punish a pretrial detainee but may subject him "'to certain restrictions on his liberty' . . . for his own misconduct that occurs while in pretrial confinement." ECF No. 8 at 4 (quoting *Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999)). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). A court may infer that a restriction or condition is impermissible punishment "if it is arbitrary or purposeless." *Id.* The undisputed facts show the plaintiff was issued the ticket and cell confinement not as punishment but for the legitimate governmental goal of maintaining rule and order within the Jail. *See id.* at 540 ("The Government also has legitimate interests that stem from its need to manage the facility in which the individual is detained."). Moreover, the plaintiff was told about the ticket, offered cell confinement, and allowed to appeal before the confinement was imposed. He also was able to grieve the ticket afterwards. Given these undisputed facts, no reasonable jury could conclude that the plaintiff's twenty-four-hour cell confinement was "arbitrary or purposeless" punishment in violation of his rights under the Fourteenth Amendment.

**IT IS THEREFORE ORDERED** that defendant Corporal Leyendecker's unopposed motion for summary judgment (ECF No. 23) is **GRANTED**.

---

[1] The defendant curiously cites the plaintiff's complaint in support of this statement of fact. ECF No. 27, ¶ 20 (citing "Dkt. 1"). But because the complaint is verified, it serves as "the equivalent of an affidavit" for purposes of this decision. *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013). I note that the plaintiff correctly spelled Leyendecker's name in his complaint.

This case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 3rd day of October, 2023.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge